**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WILLIAM F. WHATELEY,

                Petitioner,

v.

                                    Case No. 2:23-cv-12118
                                    Hon. Brandy R. McMillion

MIKE BROWN,

                Respondent.

_____/

**<u>OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO</u>**
**<u>DISMISS THE HABEAS PETITION AS MOOT (ECF NO. 14),</u>**
**<u>GRANTING MOTION TO AMEND (ECF NO. 15), DENYING A</u>**
**<u>CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO</u>**
**<u>APPEAL *IN FORMA PAUPERIS*</u>**

Petitioner William F. Whateley ("Whateley" or "Petitioner"), a Michigan state

prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The

petition challenges Whateley's Wayne County jury-based conviction of second-

degree arson, Mich. Comp. Laws § 750.731.  Before the Court is Respondent's

Motion to Dismiss and Motion to Amend/Correct the Motion to Dismiss.  *See* ECF

Nos. 14, 15.[1]  Respondent argues that the petition is moot because Whateley has

received his requested relief through a successful motion for relief from judgment in

---

[1] The Motion to Amend/Correct the Motion to Dismiss (ECF No. 15) is a "corrected version" of the Motion to Dismiss (ECF No. 14) which includes information not known to Respondent at the time of filing the original motion to dismiss, namely that Petitioner was being released from custody.  *See* ECF No. 15, PageID.1753.  The Court therefore will evaluate the "corrected motion" in conjunction with the original motion herein.

the state court. *See* ECF No. 15, PageID.1782-1783. The Court agrees with Respondent, grants his motion to dismiss and motion to amend/correct, and declines to issue a certificate of appealability. The Court further denies Whateley leave to proceed *in forma pauperis* on appeal because an appeal may not be taken in good faith. *See* Fed. R. App. P. 24(a).

*  *  *

Whateley initiated this habeas action on August 17, 2023. ECF No. 1. In October 2025, Whateley filed a motion for relief from judgment, through counsel, in the state trial court. ECF No. 12-2, PageID.1576. According to Respondent, the Wayne County Prosecutor filed a response on February 27, 2026, agreeing that Whateley was entitled to a new trial based on newly discovered evidence. On March 10, 2026, the state trial court granted the motion for relief from judgment. ECF No. 14-1, PageID.1780. The trial court vacated Whateley's conviction and the judgment of sentence on March 27, 2026, *id.* at PageID.1781, and Whateley will be awarded a new trial. *Id.* He has since been released from the custody of the Michigan Department of Corrections. ECF No. 15-3, PageID.1790.

Pursuant to Article III of the Constitution, federal courts "may only adjudicate actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988); *see also Diaz v. Kinkela*, 253 F.3d 241, 243 (6th Cir. 2001). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388,

396 (1980) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). In other words, "when events occur during the pendency of a litigation which render the court unable to grant the requested relief," the case is moot. *Speer v. City of Oregon*, 847 F.2d 310, 311 (6th Cir.1988) (quoting *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir.1986)).

In his petition, Whateley seeks release from the "unconstitutional restraint of his liberty" caused by his state criminal conviction and sentence. ECF No. 1, PageID.3. That is precisely the relief he has already received. *See* ECF No. 14-2, PageID.1781 (Order Vacating Conviction and Sentence). Because Whateley has received the relief sought in his habeas petition, this Court can do no more. Whateley's claims are moot, and his petition must be dismissed. *Diaz v. Kinkela*, 233 F.3d at 243-44; *see also Fredette v. Hemingway*, 65 Fed. Appx. 929, 931 (6th Cir.2003).

Given this, Petitioner's certificate of appealability must also be denied. Title 28 U.S.C. § 2253 governs appeals in § 2254 proceedings. Per Section 2253(c)(2), in pertinent part, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *See also Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir.1997). In granting a certificate of appealability, the court must indicate the specific issue or issues for which the applicant made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(3). "The district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.  Petitioner is not entitled to a certificate of appealability because his request for habeas relief is now moot.

Nor does the Court grant Petitioner leave proceed *in forma pauperis* on appeal.  *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999) ("If the party was permitted to proceed *in forma pauperis* in the district court, the party may proceed on appeal *in forma pauperis* without further authorization unless the district court certifies in writing that an appeal would not be taken in good faith, or the party is not otherwise entitled to proceed as a pauper.").  Here, given the mootness of the petition, Whateley could not appeal in good faith.  Therefore, both, a certificate of appealability and leave to proceed *in forma pauperis* are denied.

* * *

Accordingly, Respondent's Motion to Dismiss (ECF No. 14) and Motion to Amend (ECF No. 15) are **GRANTED**.

Whateley's petition for writ of habeas corpus is **DENIED** as **MOOT**, and a certificate of appealability and leave to *proceed in forma pauperis* are both **DENIED**.

**IT IS SO ORDERED.**

Dated: April 7, 2026                    /s/ Brandy R. McMillion
    Detroit, Michigan                    Hon. Brandy R. McMillion
                                       United States District Judge